

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>L**AW** D**EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **STEFANO PÉREZ**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2381<br>Fax: (212) 356-3509<br>sperez@law.nyc.gov |

January 12, 2021

**VIA ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007-1312

> **APPLICATION GRANTED:** The Clerk of Court is requested to mail a copy of this endorsement to the plaintiff.
>
> **APPLICATION GRANTED**
>
> *Katharine H. Parker*
>
> Hon. Katharine H. Parker, U.S.M.J.
> 01/13/2021

      Re:    Melvin L. Williams v. Detective Alberto Pizarro
              18-CV-5677 (VEC) (KHP)

Your Honor:

      I am the attorney assigned to the defense of the above matter. Assuming that plaintiff intends to pursue this litigation, defendant respectfully writes to request that the Court order the unsealing of all arrest records, district attorney records, and criminal court records relating to non-party Jennay Caviness's February 23, 2018 arrest and prosecution. This is defendant's first request for a non-party's records to be unsealed. This application is made without consent as defendant does not have any contact information for Ms. Caviness as of this writing.

      As Your Honor may recall, plaintiff alleges, inter alia, that on February 23, 2018, he was falsely arrested, charged with Criminal Possession of Controlled Substances, and maliciously prosecuted for eight months until the criminal charges were dismissed. Upon information and belief, plaintiff was arrested and subsequently prosecuted along with co-arrestee Jennay Caviness. While Ms. Caviness is not a party to the instant action, the details of her arrest and subsequent prosecution are inextricably intertwined with plaintiff's arrest and prosecution. Defendant submits that an unsealing order is required to obtain Ms. Caviness's arrest and prosecution records.

      Ample case law within the Second Circuit supports the authority of a federal court to order the production of documents sealed pursuant to Section 160.50. "[I]n cases presenting federal questions, such as here, discoverability, privileges, and confidentiality are governed by federal law, not state law." Crosby v. City of New York, 269 F.R.D. 267, 274 (S.D.N.Y. 2010); see also Morrissey v. City of New York, 171 F.R.D. 85, 92 (S.D.N.Y. 1997) ("[Q]uestions of discovery in federal civil rights legislation are properly governed by *federal* law"). Federal courts can and commonly do order production of documents sealed under Section 160.50.

See Crosby, 269 F.R.D. at 275.  Moreover, federal courts in this Circuit have ordered the production of documents sealed by Section 160.50 where the sealed documents pertain to individuals who are not parties to the instant action.  See, e.g., id. at 273-276; Lyles v. City of New York, No. 09 Civ. 895, 2009 U.S. Dist. LEXIS 111004, at *1-2 (S.D.N.Y. Nov. 30, 2009) (ordering production of the sealed "file relating to the arrest and prosecution" of plaintiff's non-party co-arrestee).

In issuing an order to produce records sealed under Section 160.50, the Court must "balance the deference to be accorded" Section 160.50 against "the need for the information sought to be protected by the privilege."  Macnamara v. City of New York, No. 04 Civ. 9216 (KMK) (JCF), 2006 U.S. Dist. LEXIS 82926, at *9 (S.D.N.Y. Nov. 13, 2006) (quoting Daniels v. City of New York, No. 99 Civ. 1695 (SAS), 2001 U.S. Dist. LEXIS 2312, at *3 (S.D.N.Y. Mar. 8, 2001)).  Defendant respectfully submits that, in this case, the privacy interests of the non-party would be adequately protected by marking the unsealed information "confidential."

Accordingly, defendant respectfully requests that the Court unseal Ms. Caviness's February 23, 2018 arrest records (Arrest No. M18611749) and corresponding prosecution records.  A proposed order to unseal Ms. Caviness's records is attached for Your Honor's consideration, and, if acceptable, endorsement.

I thank the Court for its consideration in this regard.

Respectfully submitted,

S/ *Stefano Pérez*

Stefano Pérez
*Assistant Corporation Counsel*
*Special Federal Litigation Division*

**BY USPS PRIORITY MAIL**
To:   Melvin L. Williams
      Plaintiff *Pro Se*
      970 Prospect Avenue
      Apt. #5B
      Bronx, NY 10459

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MELVIN L. WILLIAMS,

                                                        Plaintiff,

                -against-

DETECTIVE ALBERTO PIZARRO,

                                                    Defendant.

**ORDER TO UNSEAL CRIMINAL RECORDS**

18-CV-5677 (VEC) (KHP)

------------------------------------------------------------------------x

       **WHEREAS,** the defendant in the above-referenced matter maintains that documents pertaining to the arrest and prosecution of non-party Jennay Caviness, who was arrested on February 23, 2018, with the plaintiff, in front of 142 West 112th Street, Manhattan, New York, are relevant to this action and whereas, upon information and belief, the charges against said individual have been dismissed and sealed pursuant to N.Y. Crim. Proc. L. §§ 160.50 and/or 160.55, and cannot be obtained or produced without an unsealing order.

       **IT IS HEREBY ORDERED** that the records relating to the arrest of Jennay Caviness (Arrest No. M18611749) on February 23, 2018, and to the criminal proceedings related to said arrest, including, but not limited to, the Criminal Court file, the records of the Manhattan District Attorney's Office relating to that arrest and prosecution, and the minutes of any proceeding, including any and all statements by police officers, witnesses, and the criminal defendants which were ordered sealed pursuant to N.Y. Crim. Proc. L. § 160.50, be unsealed pursuant to N.Y. Crim. Proc. L. § 160.50 and made available to James E. Johnson, the Corporation Counsel of the City of New York, or to his authorized representatives, for inspection, photocopying, and use in the federal action brought by Melvin Williams against defendant Alberto Pizarro;

**IT IS FURTHER ORDERED** that the City of New York, including the Office of the Corporation Counsel and the New York City Police Department, as well as the Criminal Court of the State of New York, and the Manhattan District Attorney's Office, shall not be bound by the statutory sealing requirements of N.Y. Crim. Proc. L. §§ 160.50 for all documents relating to and arising out of the arrest and prosecution of Jennay Caviness (Arrest No. M18611749) on February 23, 2018;

**IT IS FURTHER ORDERED** that the use of the above-referenced records is restricted to use in the above-entitled civil rights action and shall be protected by both parties as confidential.

**SO ORDERED.**

Dated: \_\_\_\_**January 13**\_\_\_\_, 2021
New York, New York

*Katharine H. Parker*
_____
HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE